1  Byron S. Hollins, SB# 113423
2  Laura M. Levy, SB# 216054
   Adam L. Robinson, SB# 251441
   HOLLINS & LEVY LLP
3  23801 Calabasas Road, Suite 100
   Calabasas CA 91302-1597
4  Phone:      818.223.0300
   *Fax:  818.223.0310*
5
   Attorneys for Defendant
6  Barney, McKenna & Olmstead, P.C.
   [erroneously sued as Barney,
7  McKenna & Omstead, PC]
8
9                  **UNITED STATES DISTRICT COURT**
10                 **CENTRAL DISTRICT OF CALIFORNIA**

11  STEVEN FEHER,                         )  Case no. 2:15-cv-09884-SVW
                                          )  (FFMx)
12          Plaintiff,                    )
                                          )  Complaint filed: 12/28/2015
13  v.                                    )
                                          )  **NOTICE OF MOTION AND**
14  SCOTT J. FAUX, an individual;         )  **MOTION TO DISMISS**
    FAUX, WALKER & JONES, PLLC, a         )  **PURSUANT TO FEDERAL**
15  Utah professional limited liability   )  **RULEs OF CIVIL PROCEDURE**
    company; and BARNEY, MCKENNA          )  **12(b)(6); MEMORANDUM OF**
16  & OMSTEAD, PC, a Utah                 )  **POINTS AND AUTHORITIES**
    professional corporation;             )
17                                        )  Date: March 14, 2016
            Defendants.                   )  Time: 1:30 p.m.
18  _____   )  Judge: Hon. Stephen V. Wilson
                                             Courtroom: 6
19
                                             [Filed and served with Request for
20                                           Judicial Notice, Declaration of
                                             Michael Eric Olmstead and
21                                           Proposed Order]

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that, on March 14, 2016, at 1:30 p.m., or as

24  soon thereafter as the matter may be called in Courtroom 6 of the above-

25  entitled court, which is located at 312 North Spring Street Los Angeles, CA

26  90012-4701, defendant Barney, McKenna & Olmstead, P.C. [erroneously

27  named as Barney, McKenna & Omstead, PC], will move the Court for an order

28  dismissing it from this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

1  state a claim upon which relief can be granted as the complaint is time barred
2  against the moving defendant on its face.

3       The motion is based upon this notice, the attached memorandum of
4  points and authorities, the papers pleadings and other documents in the court's
5  files for the matter, and such further evidence and argument as may be elicited
6  at the hearing on this motion.

7       Pursuant to Local Rule 7-3, this Motion is made following the parties'
8  meet and confer conference, which took place on January 27, 2016, before the
9  filing of this Motion.

10  Dated:  February 4, 2016        HOLLINS & LEVY LLP

11

12                    By:   /s/ Byron S. Hollins
13                        Byron S. Hollins
                      Attorneys for Defendant
14                        Barney, McKenna & Olmstead, P.C.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

*** TABLE OF CONTENTS ***

2   NOTICE OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3   TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

4   MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . 1

5   I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6   II.    PERTINENT FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . 2

7   III.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8          A.    The Action Should be Dismissed Against BMO, With Prejudice,

9                Pursuant to Fed. R. Civ. P. 12(b)(6) Because Plaintiff's Complaint

10               Is Time Barred Under Cal. Code Civ. Proc. Section 340.6. . . . . 3

11               i.     The Purported Wrongful Act or Omissions of BMO Occurred

12                      No Later Than 2012, When Mr. Faux Left BMO to Start His

13                      Own Firm. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14               iii.   Plaintiff Knew or Should Have Known of the Facts

15                      Supporting the Alleged Malpractice When He Agreed to

16                      Enter Into the Allegedly Imprudent Life Insurance Contracts

17                      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18               iiii.  As a Matter of Law, Plaintiff Sustained Actual Damages More

19                      than One Year Prior to the Filing of the Instant Action. . . . 8

20               iv.    There Was No Continuing Representation by BMO after Mr.

21                      Faux Left BMO to Start His Own Firm. . . . . . . . . . . . . . 11

22   IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

***Cases***                                                                           ***Page(s)***

3

### Federal

4

*Albrecht v. Lund*,

5

   845 F.2d 193 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6

 *Avco Corp. v. Precision Air Parts, Inc.*,

7

   676 F.2d 494 (11th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

*Conley v. Gibson*

9

   355 U.S. 41. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10

*Estate of Blue v. County of Los Angeles*,

11

   120 F.3d 982 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12

*Hiland Dairy, Inc. v. Kroger Co.*,

13

   402 F.2d 968 (8th Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

14

*Jablon v. Dean Witter & Co.,*

15

   614 F.2d 677 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16

*Jacobson v. Hughes Aircraft Co.*,

17

   105 F.3d 1288 (9th Cir.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18

*Marder v. Lopez*,

19

   450 F.3d 445 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20

*McNamara-Blad v. Association of Professional Flight Attendants*,

21

   275 F.3d 1165 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22

*Parrino v. FHP, Inc.*,

23

   146 F.3d 699 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

24

*Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*,

25

   245 F.2d 67 (9th Cir. 1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26

27

28

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**California**

*Beal Bank, SSB v. Arter & Hadden, LLP*
    42 Cal.4th 503 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Budd v. Nixen
    6 Cal.3d 195 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Coscia v. McKenna & Cuneo*
    25 Cal.4th 1194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*
    18 Cal.4th 739 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Levin v. Graham & James*
    37 Cal.App.4th 798 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McGee v. Weinberg*
    97 Cal.App.3d 798 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Peregrine Funding, Inc. v. Sheppard, Mullin, Richter & Hampton*
    133 Cal.App.4th 658 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Southland Mechanical Contractors Corp. v. Nixen*
    119 Cal.App.3d 417 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stoll v. Superior Court*
    9 Cal.App.4th 1362 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stueve Bros. Farms, LLC v. Berger Kahn*
    (2013) 222 Cal.App.4th 303. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Village Nurseries v. Greenbaum*
    101 Cal.App.4th 26 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Worton v. Worton*
    234 Cal.App.3d 1638 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8

### *Rules*

Fed.R.Civ.P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 3, 4,11

### *California Statutes*

*Cal. Code Civ. Proc. Section* 340.6.. . . . . . . . . . . . . . . . .  1, 3, 5, 6, 7, 10, 11

1                     ***MEMORANDUM OF POINTS AND AUTHORITIES***

2   I.     **INTRODUCTION**

3        Plaintiff, Steven Feher (hereinafter "plaintiff" or "Feher,") filed this legal

4  malpractice action under California Law against an individual attorney licensed

5  to practice in Utah, defendant Scott J. Faux and his current firm, defendant

6  Faux Walker & Jones PLLC, a Utah Limited Liability Professional Corporation

7  (hereinafter, Mr. Faux and his current firm shall be collectively referred to as

8  "Faux.") Also named was Mr. Faux's former firm (which plaintiff admits Mr.

9  Faux left in 2012,) moving defendant Barney, McKenna & Olmstead, P.C.

10 [erroneously sued as Barney, McKenna & Omstead, PC] (hereinafter "BMO,")

11 a Utah Professional Corporation.[1]

12       The crux of plaintiff's complaint is that in or around 2005, and continuing

13 through April 2012, Faux and BMO represented him and, imprudently, advised

14 him to purchase certain life insurance policies which, by their very nature,

15 caused plaintiff immediate and significant financial damage.

16       However, plaintiff's complaint against BMO should be dismissed pursuant

17 to Fed. R. Civ. P. 12(b)(6), as plaintiff cannot state a claim for which relief can

18 be granted as plaintiff's complaint is, on its face, time barred under Cal. Code

19 Civ. Proc. section 340.6 as plaintiff: (a) knew of the facts constituting the

20 purported malpractice more than one year prior to the filing of the instant

21 action; and (b) none of the exclusive tolling provisions of that section toll

22 plaintiff's action against BMO.

23       Accordingly, for the reasons set forth herein BMO respectfully requests

24

25       [1] Plaintiff alleges in his complaint that, at no time, did BMO have any

26 attorneys licensed to practice in California. This is false as Michael Eric

27 Olmstead, California State Bar number 130962, has been licensed to practice

27 in California continuously since his admission on December 11, 1987.

28 (Olmstead Dec., ¶3.).

1   the Court enter an order dismissing this action against BMO.

2   **II.     PERTINENT FACTUAL BACKGROUND**

3          BMO is a law firm located in Utah with attorneys licensed to practice in

4   the states of Utah, Arizona, California, Nevada. (Declaration of Michael Eric

5   Olmstead ("Olmstead Dec.,") ¶3, Exhibit "A.")

6          Plaintiff alleges that in 2005, BMO and Mr. Faux began providing him

7   legal services. (Doc 1, Complaint, ¶7.)

8          As part of these legal services, plaintiff alleges that in 2008 Mr. Faux flew

9   to Hawaii and advised plaintiff to purchase "high value" life insurance policies

10  which, plaintiff alleges, Mr. Faux advised him he would be able to borrow

11  against in the future when his income ran out.[2]  Plaintiff alleges that Mr. Faux

12  and BMO, failed to properly investigate the efficacy of the purchase of the life

13  insurance policies for their intended purposes and that the life insurance

14  policies required the payment of premiums by plaintiff. (Id., ¶¶11-18.)

15         Plaintiff alleges that in 2010, this time in Los Angeles, he met with Mr.

16  Faux and the insurance broker, Carpenter, and, on their advice, purchased an

17  additional, ineffective, policy. (Id., ¶¶19-20.) Additionally, in 2009 and 2010, Mr.

18  Faux advised plaintiff to create a captive insurance company whereby Mr.

19  Feher would invest his resources as premiums into the aforementioned

20  policies. (Id. ¶21-24.)

21         Plaintiff alleges that in 2012, during a meeting in Los Angeles, Mr. Faux

22  advised plaintiff to purchase a replacement life insurance policy which, itself,

23  required a $228,000.00 surrender fee to be paid by plaintiff. (Id. ¶¶26-27.) It

24  was also in 2012 that Mr. Faux left the BMO firm, taking plaintiff with him as his

25  client. (Id., ¶¶5, 27-28; Olmstead Dec., ¶¶4-6, exhibits "A," and "B," thereto.)

26

27         [2] Plaintiff's main source of income was from patent royalties which would

28  cease in 2014.

1   No other specific allegations are made regarding BMO in plaintiff's complaint.

2   Finally, as a result of the purportedly imprudent advice to purchase the

3   life insurance policies, on December 22, 2014, plaintiff filed an action against

4   the insurance companies and the broker, Mr. Carpenter, seeking a return of

5   premiums and other damages. (Request for Judicial Notice "RJN," Exhibits "1,"

6   and "2.")

7   This action was filed on December 23, 2015, more than one year after

8   plaintiff filed suit against the broker and insurers.

9   This motion follows.

10   **III.    ARGUMENT**

11   **A.    The Action Should Be Dismissed Against**

12   **BMO, with Prejudice, Pursuant to Fed. R. Civ.**

13   **P. 12(b)(6) Because Plaintiff's Complaint Is**

14   **Time Barred under Cal. Code Civ. Proc.**

15   **Section 340.6.**

16   A statute of limitations defense may be raised by a F.R.Civ.P. 12(b)(6)

17   motion to dismiss when the statute's running is apparent on the face of the

18   complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); see

19   *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982),

20   cert. denied, 459 U.S. 1037, 103 S.Ct. 450 (1982).

21   For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider

22   material outside the complaint. Nonetheless, a court may consider exhibits

23   submitted with the complaint. In addition, a "court may consider evidence on

24   which the complaint 'necessarily relies' if: (1) the complaint refers to the

25   document; (2) the document is central to the plaintiff's claim; and (3) no party

26   questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*

27   *v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a

28   document as "part of the complaint, and thus may assume that its contents are

true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); see *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

In   resolving a rule 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to the plaintiff and (2) accept all well-pleaded factual allegations as true. *McNamara-Blad v. Association of Professional Flight Attendants*, 275 F.3d 1165, 1169 (2002).

However, the court does not need to accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981); *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969).

If it appears that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief, dismissal with prejudice is appropriate.  *Conley v. Gibson*, 355 U.S. 41; *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir.1997).  In that same vein, a dismissal with prejudice is appropriate if amendment of the complaint in an effort to correct its deficiencies would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

As set forth below, the instant action presents just such a case as plaintiff is alleging that BMO, a firm which has not represented plaintiff regarding the

subject matter of the complaint since 2012, committed malpractice and breached their fiduciary duties. This matter is time barred as to BMO under Cal. Code Civ. Proc. section 340.6 and should be dismissed.

Under Cal. Code Civ. Proc. section 340.6, absent continuing representation or lack of damages, a former client has only one year to sue his or her lawyers after he or she discovers, or should have discovered, the facts from which his or her claims for legal malpractice or breach of contract arise. Specifically, Cal. Code Civ. Proc. section 340.6 provides in pertinent part:

> "(a)   An action against an attorney for a wrongful act or omission . . . arising in the performance of professional services **shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered the facts constituting the wrongful act or omission**, or four years from the date of the wrongful act or omission, whichever occurs first.  In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:
>
> (1)   The plaintiff has not sustained actual injury.
>
> (2)   The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred.
>
> (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation.
>
> (4) The plaintiff is under a legal or physical

1    disability which restricts the plaintiff's ability to

2    commence legal action." [Emphasis added.]

3    Under the legislative history and subsequent case law, the one year

4    statute of limitations applies to *any* cause of action arising from the provision

5    of legal services, other than actual fraud.  "In all cases other than actual fraud,

6    whether the theory of liability is based on the breach of an oral or written

7    contract, a tort, or a breach of fiduciary duty, the one-year statutory period

8    applies.  *Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805 [44

9    Cal.Rptr.2d 69]; See, also, *Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362

10   [12 Cal. Rptr. 2d 354], 1366-1369, and *Southland Mechanical Contractors*

11   *Corp. v. Nixen* (1981) 119 Cal.App.3d 417 [173 Cal. Rptr. 917.]

12   Here, plaintiff conclusively alleges that both causes of action relate to the

13   provision of legal services by BMO, thus making section 340.6's limitations

14   period applicable to this action. (Doc. 1, Complaint, ¶¶7, 9.)

15       **i.    The Purported Wrongful Act or Omissions of BMO**

16           **Occurred No Later than 2012, When Mr. Faux Left BMO**

17           **to Start His Own Firm.**

18   As is clear from the allegations of the complaint, plaintiff alleges that

19   BMO's wrongful acts or omission was Faux's allegedly imprudent advice to

20   purchase life insurance policies, set up a captive insurance company related

21   thereto, to replace the life insurance policies with a new one which resulted in

22   a $228,000.00 loss, and the failure to notify plaintiff of a purported conflict of

23   interest regarding an alleged "kickback" to Mr. Faux on the sale of the

24   insurance policies.  (Doc. 1, Complaint, ¶¶17, 18, 21, 24, 29.)

25   All of the purported wrongful acts or omissions of BMO occurred in, or

26   before, 2012, when Mr. Faux left BMO to start his own firm. Accordingly, under

27   *Cal. Code Civ. Proc.* section 340.6, BMO's wrongful "act or omission" as

28   alleged by plaintiff, occurred no later than 2012, or at least three full years prior

HOLLINS & LEVY LLP
Rule12(b)(6)Motion.wpd

- 6 -
**MOT. TO DISMISS PURSUANT TO FRCP 12(b)(6) ETC.**

1    to this action being filed on December 21, 2015.

2                    ii.     **Plaintiff Knew or Should Have Known, of the Facts**
3                            **Supporting the Malpractice When He Agreed to Enter**
4                            **into the Allegedly Imprudent Life Insurance Contracts.**

5        As set forth above, an action arising out of the provision of legal services
6    "... **shall be commenced within one year after the plaintiff discovers**, **or**
7    **through the use of reasonable diligence should have discovered the facts**
8    **constituting the wrongful act or omission**." (*Cal. Code Civ. Proc.* section
9    340.6, emphasis added.)

10       "Under Code of Civil Procedure section 340.6 [...] the one-year period is
11   triggered by the client's discovery of 'the facts constituting the wrongful act or
12   omission,' not by his discovery that such facts constitute professional
13   negligence, i.e., by discovery that a particular legal theory is applicable based
14   on the known facts." *Worton v. Worton* (1991) 234 Cal.App.3d 1638, 1650 [286
15   Cal.Rptr. 410] [internal citations omitted.]

16       In other words, the plaintiff must only know, or have reason to know, of
17   the facts which form the basis of the malpractice claim, not that those facts
18   demonstrate any error or omission on the part of the attorney. "'It is irrelevant
19   that the plaintiff is ignorant of his legal remedy or the legal theories underlying
20   his cause of action.'"  *Worton*, *supra* p. 1650; See, also, *Peregrine Funding,*
21   *Inc. v. Sheppard, Mullin, Richter & Hampton* (2005) 133 Cal.App.4th 658 [35
22   Cal. Rptr. 3d 31], 682-685; *Village Nurseries v. Greenbaum* (2002) 101
23   Cal.App.4th 26, 42-43; *McGee v. Weinberg* (1979) 97 Cal.App.3d 798.

24       Here, plaintiff alleges that the malpractice was: (1) the purchase of life
25   insurance contracts (which happened in 2008 and 2012); (2) formation of the
26   captive insurance company; (3) the replacement of one of the life insurance
27   policies for a  $228,000.00 fee (loss); and (4) the failure of Mr. Faux to inform
28   plaintiff of the potential conflict of interest related to those transactions. (Doc.

1, Complaint, ¶¶17, 18, 21, 24, 29.) Thus, plaintiff knew of the facts constituting the malpractice, the allegedly imprudent advice related to the purchase of the life insurance, at the time he accepted the policies, the change of policies and the formation of the captive insurance company, in 2008, 2009, 2010 and 2012.

Furthermore, plaintiff cannot hope to amend his complaint to show a later discovery of the facts as he, conclusively, admits that he was "informed by another insurance broker in 2014 that the policies were improper." (Doc 1, Complaint, ¶28.) As a result, plaintiff filed suit against the broker, Carpenter, and the insurers on December 22, 2014, more than one year before the December 28, 2015, filing of this action.

Accordingly, plaintiff was actually or constructively on notice of the facts constituting the alleged malpractice of BMO in, at the latest, 2012, and certainly more than one year before the filing of this action, thereby invoking the one year limitations period set forth under California law.

### iii.    As a Matter of Law, Plaintiff Sustained Actual Damages More Than One Year Prior to the Filing of the Instant Action.

Plaintiff sustained actual damages when he purchased the insurance polices in 2008 and 2010, and as plaintiff admits at paragraph 31 of his complaint, he became unable to pay any premiums on said policies "in the first quarter of 2014." Furthermore, at the latest, plaintiff sustained damages on December 22, 2014, when he filed his action against the insurers and Carpenter as a result of the purportedly imprudent advice to purchase the life insurance policies. Thus, plaintiff sustained damages more than one year prior to filing this action on December 28, 2015.

In California, a legal malpractice claim accrues and the statute begins to run "before the client sustains all, or even the greater part, of the damages

occasioned by his attorney's negligence. **Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.**" [Emphasis added, internal citations omitted.] *Budd v. Nixen* (1971) 6 Cal.3d 195, 201; *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 750 [76 Cal. Rptr. 2d 749, 958 P.2d 1062]. "The test for actual injury is 'whether the plaintiff has sustained any damages compensable in an action, other than one for actual fraud, against an attorney for a wrongful act or omission arising in the performance of professional services.'" *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1206-1207 [108 Cal.Rptr.2d 471.]

Based upon plaintiff's own allegations, he sustained compensable damages more than one year prior to the filing of this action.

First, plaintiff suffered actual harm in 2008 and 2010 when he purchased insurance policies which required him to pay annual premiums. [Doc. 1, Complaint, ¶¶12-20.][3] Since plaintiff alleges that the errors/omissions of defendants was his being advised to purchase the life insurance policies, his acceptance of the policies which required the payment of premiums constituted "appreciable and actual harm" flowing from those purported errors/omissions. Plaintiff admits that he is seeking the return of premiums paid as damages in this action. [Doc. 1, Complaint ¶¶34, 38, 43.]

Second, even if the purchase of the policies, and payment of premiums, did not constitute actual damages, plaintiff further sustained actual damages in 2012 when Faux is alleged to have advised plaintiff to purchase a "replacement" insurance policy which led to plaintiff incurring a $228,000.00

---

[3] It can be inferred by plaintiff's allegations that the premiums totaled hundreds of thousands of dollars in the first year as he alleges that the commission to the broker in the first year, which is "often in excess of the entirety of the first year's premium," was $400,000.00. [Doc. 1, FAC, ¶¶13, 15.)

1  "surrender fee" while also allowing one of the policies to "lapse" which led to

2  "all of its value" being lost. [Doc 1, Complaint ¶¶26-27.] Plaintiff admits that he

3  is seeking the return of fees paid as damages in this action. [Doc. 1, Complaint

4  ¶¶ 38, 43.]

5       Finally, plaintiff alleges actual damages arising out of the purported

6  errors/omissions of the defendants in the "first quarter of 2014" when his

7  income ran out and he had no source of funds to continue paying the

8  premiums which caused the final policy he purchased to lapse. [Doc 1,

9  Complaint, ¶¶31-32.] This caused plaintiff to file, on December 22, 2014, his

10  action against Carpenter and the insurers for the return of premiums and other

11  damages. As set forth in *Jordache*, supra, plaintiff's filing of the complaint

12  against the insurers constitutes actual, appreciable, harm under the meaning

13  of Cal. Code Civ. Proc., section 340.6.

14       Accordingly, plaintiff sustained damages in this action as early as 2008

15  when he began paying the premiums he now seeks compensation for, and

16  certainly more than one year before this action was filed.

17            **iv.   There Was No Continuing Representation By BMO after**

18                 **Mr. Faux Left BMO to Start His Own Firm**.

19       Any continuing representation tolling applicable to BMO ended in 2012

20  when Mr. Faux left BMO to start his new firm and took plaintiff with him as a

21  client.

22       "Under California law, the statute of limitations for attorney malpractice

23  claims arising from a given matter is tolled for the duration of the attorney's

24  representation of the client in that matter. (Code Civ. Proc., § 340.6, subd.

25  (a)(2).)" *Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 505

26  [66 Cal. Rptr. 3d 52, 167 P.3d 666.])   The California Supreme Court has held

27  that "[w]hen an attorney leaves a firm and takes a client with him or her, … the

28  tolling in ongoing matters [does not] continue for claims against the former firm

1    and partners." (Id.; See also *Stueve Bros. Farms, LLC v. Berger Kahn* (2013)
2    222 Cal.App.4th 303, 314 [166 Cal.Rptr.3d 116].)

3        Here, as is alleged in the complaint, Mr. Faux left BMO in 2012. At that
4    time, Mr. Faux  and his new firm assumed representation of plaintiff regarding
5    the subject matter at issue. Plaintiff does not allege any actions by BMO taken
6    on his behalf after 2012. [See Doc 1, FAC, ¶¶27-34.][4]

7        Accordingly, BMO ceased to "represent the plaintiff regarding the specific
8    subject matter in which the alleged wrongful act or omission occurred" in 2012
9    when Mr. Faux left and plaintiff is not entitled to avail himself of the tolling
10   provision of Cal. Code Civ. Proc. section 340.6(2).

11   **IV.    CONCLUSION**

12       Based on the foregoing it is respectfully submitted that this action should
13   be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as plaintiff's claims against
14   BMO are barred by the one year statute of limitations set forth in Cal. Code
15   Civ. Proc. section 340.6, since plaintiff knew of the facts constituting the
16   alleged malpractice and sustained actual harm more than one year prior to the
17   filing of this action.

18   Dated:  February 4, 2016              Respectfully submitted,

19                                         HOLLINS & LEVY LLP

20

21                                         By:    /s/ Byron S. Hollins
22                                                Byron S. Hollins
                                                  Attorneys for defendant
23                                                Barney, McKenna & Olmstead,
                                                  P.C.

24

25

26

27

28

---

[4] See also Olmstead Dec., ¶¶4-6, Exhibits "A," and "B," thereto.

HOLLINS & LEVY LLP

Rule12(b)(6)Motion.wpd

**MOT. TO DISMISS PURSUANT TO FRCP 12(b)(6) ETC.**